**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STANLEY E. SHELLEY, | ) | NO. CV 09-2120-JSL(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| WARDEN J. WALKER, | ) | |
| | ) | |
| Respondent. | ) | |

On March 11, 2009, Petitioner, a state prisoner, filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("the Petition") in the United States District Court for the Southern District of California. On March 26, 2009, the United States District Court for the Southern District of California issued an order construing the Petition as a petition filed pursuant to 28 U.S.C. section 2254[1] and transferring the Petition to this Court.

///

///

---

[1] "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment . . ." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005).

1  The Petition challenges a 1997 Los Angeles County Superior Court
2 conviction.  Petitioner previously challenged this same conviction in
3 a habeas corpus action filed in this Court in 1999.  See Shelley v.
4 Galaza, CV 99-11413-JSL (AIJ) ("the prior habeas action").  On
5 February 9, 2001, this Court entered Judgment in the prior habeas
6 action, denying and dismissing the prior petition with prejudice.

8  The Court must dismiss the present Petition in accordance with
9 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
10 Effective Death Penalty Act of 1996").  Section 2244(b) requires that
11 a petitioner seeking to file a "second or successive" habeas petition
12 first obtain authorization from the court of appeals.  See Burton v.
13 Stewart, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) (where petitioner
14 did not receive authorization from Court of Appeal before filing
15 second or successive petition, "the District Court was without
16 jurisdiction to entertain [the petition]"); Barapind v. Reno, 225
17 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review
18 mechanism set forth in § 2244(b) requires the permission of the court
19 of appeals before 'a second or successive habeas application under
20 § 2254' may be commenced").  A petition need not be "repetitive" to
21 be "second or successive," within the meaning of 28 U.S.C. section
22 2244(b).  Miles v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D.
23 Cal. Dec. 19, 2007) (subsequent petition alleging different claims
24 but challenging the same judgment challenged in a prior habeas
25 petition is "second or successive").  Petitioner evidently has not
26 yet obtained authorization from the Ninth Circuit Court of Appeals.
27 Consequently, this Court cannot entertain the present Petition.  See
28 Burton v. Stewart, 127 S. Ct. at 799; see also Dews v. Curry, 2008 WL

2

590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals' authorization, "this court lacks jurisdiction to consider the petition").

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 15, 2009

_____/s/ Spencer Letts_____
J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

PRESENTED this 30th day of March, 2009, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court observes that the present Petition represents Petitioner's second unsuccessful attempt to pursue a "second or successive" habeas petition in connection with Petitioner's 1997 conviction. See Shelley v. Kernan, No. CV 07-4061-JSL(E).